United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40947
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM WYATT JORDAN, II,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-96-ALL
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Following his conditional guilty plea to possessing with the intent to distribute three kilograms of cocaine, in violation of 21 U.S.C. § 841(a), and resulting 87-month sentence, William Wyatt Jordan, II, appeals the denial of his pretrial motion to suppress. He argues that the district court erred in denying his motion because his detention following the initially valid traffic stop was unconstitutionally prolonged and that his subsequent consent to the search of his vehicle was invalid.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's ultimate conclusions on Fourth Amendment issues de novo. United States v. Brigham, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc). Because Jordan concedes that his initial stop was valid, the pertinent inquiry in this appeal is whether his detention following the stop was reasonable to dispel Trooper Chauvin's suspicion of unlawful activity that developed during the course of the stop. See id. at 506.

Jordan contends that it took Chauvin 12 minutes to complete the citation for which he was pulled over, when the ticket should have been issued within a matter of seconds, and that Chauvin unreasonably and unconstitutionally prolonged his detention beyond that necessary to effectuate the purpose of the initial stop, asking questions unrelated to the stop and "relying on a vague hunch of wrongdoing."

Contrary to Jordan's assertion, Chauvin did not ask any impermissible questions during the course of his detention. See Brigham, 382 F.3d at 508. Moreover, the transcript of the suppression hearing establishes that Chauvin relied on more than a "vague hunch of wrongdoing;" instead, Chauvin's actions were a graduated response to emerging facts, were reasonable under a totality of the circumstances, and did not unconstitutionally extend Jordan's detention. See id. at 506-09.

The district court's judgment is AFFIRMED.